WALDO T. PIERCE, petitioner for review, *vs.* JOHN P. BENT.

Penobscot. Decided July 3, 1877.

*Review.*

A review will not be granted for the mere purpose of affording a judgment debtor time and opportunity to prosecute a cross-action to final judgment.

The power of the court to grant reviews given in R. S., c. 89, § 1, is limited to the causes therein enumerated.

ON REPORT.

PETITION FOR REVIEW, as follows:

" Waldo T. Pierce of Bangor, respectfully represents that at ·the April term of the said court, A. D. 1875, judgment was rendered against him, in favor of John P. Bent of said Bangor, for $1389.19 debt, and $35.04 costs of suit, as by the records of said court appears, on which judgment execution has been issued, which is at present in the hands of his attorneys, Brown & Simpson, or the sheriff of the county, or some of his deputies, wholly unsatisfied.

" And your petitioner further avers, that said judgment was rendered in a suit on a verdict rendered against him at the April term, 1874, by a jury before whom the case was tried on the question of copartnership between him and said Bent, that there is, and then was, a large amount due him, said petitioner, on account as existing between them, which sum your petitioner had right to have settled as a copartnership matter, but that upon the rendition of the verdict unfavorable to the existence of such copartnership, he at once commenced a suit on his said claim, in order that an offset might be made of the judgments, in the two cases, notice of which suit was given to the court with the request that in case judgment should be ordered on the verdict, it might be so ordered during the term time, to the end that the action might be continued to await the decision of the new suit. But so it is, that such judgment has been rendered as aforesaid, during the pendency of said new suit in vacation, to the entire loss of the whole of his claim, inasmuch as the said Bent is utterly worthless, and no judgment is or will be of any value which may be recovered against him, unless the same be off-set against the judgment and execution already rendered as aforesaid. Wherefore, inasmuch as by said proceeding, great injustice has been done your petitioner by the judgment rendered as aforesaid, to your petitioner's great misfortune, and as he alleges by accident and mistake ; therefore your petitioner, in order that justice may be done, prays that a review of said judgment may be granted, to the end that the action may stand to await the decision of his

case against said Bent, so that the two may be set off as provided by law, and as may be just and equitable.

" And plaintiff avers, that the amount due him from said Bent, is very much larger than his, said Bent's, execution aforesaid.

"Wherefore, he prays that a review of said case may be granted, and a supersedeas may be issued against the collection of said execution.   (Signed)  Waldo T. Pierce."

Sworn to June 14, 1875.

The respondent objected that the case is one not coming. within the provisions of the law, and that the court has no power to grant its request.

The court below granted a temporary supersedeas to abide the opinion of the full court whether the case is one provided for by law.

*A. W. Paine,* for the petitioner, urged as matter of law that the court had the power to grant his petition under R. S., c. 89, § 1, and especially under clause seventh of § 1, which reads as follows:   "A review may be granted in any case where it appears that justice has not been done, through fraud, accident, mistake or misfortune; and that a further hearing would be just and equitable."

*C. P. Brown & A. L. Simpson,* for the respondent, represented the facts to be, that Pierce wrongfully seized notes which belonged to Bent; that in an action of trover the jury had so found and the court had sustained the verdict; they said it would be vexatious to compel their client to wait the result of an action which Pierce could only sustain by proving that his own testimony as to partnership in a former suit was untrue; and contended as matter of law that the proper action of the court in announcing their decision on the motion as soon as made was not the kind of accident or mistake in the purview of the statute.

DICKERSON, J.   The petitioner seeks a review of an action in which a verdict has been rendered, and affirmed by the law court, against his motion to set it aside as against evidence, &c., and on account of newly discovered evidence.   A review is claimed, not upon the ground that there was a mistrial of the case, but because

upon the rendition of the verdict the petitioner commenced an action on a claim he had against the plaintiff, in order that he might offset the judgment he might therein recover against the plaintiff's judgment. The petitioner further represents that he gave the law court notice of the pendency of his suit; that should judgment be rendered against him on the verdict, it might be rendered in term time, to the end that the action might be continued to await the result of the subsequent suit.

The "accident or mistake" relied upon as cause for review is alleged to consist in the fact that the law court allowed judgment to be rendered on the verdict in vacation, pending the second suit, notwithstanding the petitioner's notice and request. The particular grievance alleged is that on account of this action of the law court, execution has been issued in the action against the petitioner, that he has been deprived of the opportunity of offsetting the judgment he might recover against the plaintiff's judgment, and has thereby been subjected to the loss of his whole claim on account of the impecuniosity of the plaintiff.

It must be conceded that the application is one of novel impression, and that if a review may be granted in such a case it is difficult to conceive of a case where one would be denied. The statute makes provision for rendering judgments, in vacation, in such cases, and we are not aware of any law or practice that authorizes or requires the law court to construe and administer that statute so as to suit the convenience or necessities of either party to the suit. Certain we are that there can be no "mistake" or "accident" in administering a statute according to its true intent and meaning, as was done in the case under consideration. The law court overruled the motion and affirmed the verdict in vacation, and the statute gave the plaintiff a right to judgment and execution. There was no "accident" or "mistake" in that, nor was it competent for the defendant in the first suit to interpose in the manner stated in the petition, and thereby delay the rendition of judgment. *Non constat* that the plaintiff in the cross action would recover judgment to be offset in the mode suggested ; to allow him to keep his adversary in court for such a cause, when he is entitled to judgment, would be to subject him to delay, expense and hardship that the law does not sanction.

As there was no "accident or mistake" in the purview of § 1, clause 7, c. 89, R. S., of course it does not appear "that justice has not been done through accident or mistake." But if it was shown that there had been "accident" or "mistake," it does not appear "that justice has not been done" by reason thereof. It is the failure of justice actually experienced in the case sought to be reviewed, and not future conjectural inconvenience or loss in another case, that the statute contemplates. In other words, it is a mischief accomplished and not one apprehended that this provision of the statute affords a remedy for. "Boiled down," so to speak, the petition asks for a review, not because the verdict is wrong, or is expected to be reversed by the review prayed for, but to give the petitioner time to recover a judgment against the plaintiff with which to satisfy, wholly or in part, the judgment the plaintiff now holds against him. It is, perhaps, difficult to determine which is the more singular, the ingenuity or the audacity of the petitioner.

The petitioner has no valid claim to a writ of review, as a matter of right under the first paragraph of § 1, chap. 89, R. S., as the words "civil actions" are limited by the subsequent words, "and in the special cases following."

*Writ denied.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.